JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants, Guru Gobind Singh Sikh Society of Cleveland ("GGSSS"), et al., appeal the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm in part, vacate in part, and remand.
 {¶ 2} GGSSS filed its complaint on November 4, 2004. The GGSSS sought a temporary restraining order, a preliminary injunction, a permanent injunction and a declaratory judgment that its 2000 constitution was valid. Defendants-appellees, Kamaljit Janda, et al., filed an answer and counterclaim seeking preliminary and permanent injunctions and a declaratory judgment that the 2000 constitution was invalid.
 {¶ 3} The GGSSS moved for partial summary judgment on their declaratory judgment, and the defendants-appellees filed an answer to GGSSS' motion for summary judgment and defendants' request for summary judgment. GGSSS filed their brief in opposition to this motion.
 {¶ 4} On September 6, 2005, the trial court filed its journal entry on the declaratory judgment cause of action, holding that the GGSSS' 2000 constitution was invalid; that all members are founding members and are entitled to elect executive committee members; that all members and all founding members are members of the general body; and that all members of the general body are entitled to receive a copy of an audit of the books.
 {¶ 5} On September 21, 2006, the lower court amended its previous journal entry to state that there was "no just cause for delay." Thereafter, the GGSSS timely filed their notice of appeal.
 {¶ 6} According to the facts, the GGSSS is an Ohio nonprofit corporation dedicated to the practice of the Sikh religion, which owns and operates a Gurudwara or temple located at 38 Tarbell Avenue in Bedford, Ohio. In 1992, the GGSSS was founded and a constitution was created. In 2000, a meeting was held and the constitution was amended. Defendants-appellees contend that this amendment was illegal. The GGSSS is governed by its by-laws/constitution ("constitution").
 {¶ 7} "I.
 {¶ 8} Appellants' first assignment of error states the following: "The trial court abused its discretion when it granted defendants' motion for summary judgment and ruled the 2000 constitution invalid."
 {¶ 9} Appellants' second assignment of error states the following: "The trial court abused its discretion when it held that all members of GGSSS are founding members."
 {¶ 10} Appellants' third assignment of error states the following: "The trial court abused its discretion when it held that all members and founding members are part of the general body."
 {¶ 11} "II.
 {¶ 12} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v.Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1; Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317.
 {¶ 13} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330, 106 S.Ct. 2548; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115.
 {¶ 14} In Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. AnchorMedina, Ltd. of Texas (1991), 59 Ohio St.3d 108. UnderDresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C), showing a genuine issue for trial exists. Id.
 {¶ 15} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs.
(1993), 87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *."
 {¶ 16} It is with the above standards in mind that we now address the case at bar. We find the first issue to be the decisive issue in this case. Appellants argue in their first assignment of error that the lower court erred when it granted defendants' motion for summary judgment and ruled the 2000 constitution invalid.
 {¶ 17} Article XI of the 1992 GGSSS constitution provides the following:
{¶ 18} "Section 1 — These bylaws can be amended by a 3/4thmajority of the voting members of the General Body presentand voting at the General Body Meeting after written notice twoweeks embodying such amendments has been given to members.Amendments shall be proposed to the President of the ExecutiveCommittee.
 {¶ 19} "Section 2 — All amendments received shall first bereviewed by the Executive Committee and then brought before theGeneral Body for final approval except Article III, Section 2,Founding Members, which cannot be amended."
(Emphasis added.)
 {¶ 20} The 1992 constitution does not define who the "general body" is nor is there any definition of who its "voting members" are. The 1992 GGSSS constitution provides that the membership of the GGSSS, as a whole, consists of two groups, the "founding members" and other Sikhs who apply for membership and pay membership dues. The 1992 constitution provides for the founding members to meet annually on the last Sunday of November to select executive committee members and auditors. The constitution also calls for two "general body meetings," in June and December. There may be other "special meetings of the body" as well. From this, one can infer that the "body" is a group different from the founding members, and presumably consists of both the founding members and other Sikhs who have applied for membership and paid dues.
 {¶ 21} The May 28, 2000 meeting at which the constitutional amendment was adopted was a special meeting of founding members, not a June or December general body meeting. Therefore, the common pleas court properly declared that the constitutional amendment was not adopted according to the procedures set forth in the 1992 constitution and was invalid. Accordingly, we overrule the first assignment of error.
 {¶ 22} The issues raised by appellant's second and third assignments of error were not justiciable controversies in light of the trial court's determination that the 2000 amendment to the GGSSS constitution was invalid. There is no present dispute among the parties which requires a determination of who comprises the founding members and the general body. It is well settled that the court should not decide issues which are not ripe. BurgerBrewing Co. v. Liquor Control Comm. (1973), 34 Ohio St.2d 93,97-98. Therefore, we vacate the trial court's decision to the extent that it construed the terms "founding members" and "general body" as used in the 1992 constitution.
This cause is affirmed in part, vacated in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellees and appellants share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Diane Karpinski, P.J., and Kenneth A. Rocco, J., concur.