[Cite as *Gill v. Guru Gobind Singh Sikh Soc. of Cleveland*, 2017-Ohio-7163.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   104634

# GURSHARAN SINGH GILL, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# GURU GOBIND SINGH SIKH SOCIETY OF CLEVELAND, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-856038

**BEFORE:**   Boyle, P.J., S. Gallagher, J., and Jones, J.

**RELEASED AND JOURNALIZED:**   August 10, 2017

**ATTORNEY FOR APPELLANTS**

Richard O. Mazanec
Richard O. Mazanec Co., L.P.A.
1422 Euclid Avenue, Suite 500
Cleveland, Ohio    44115


**ATTORNEY FOR APPELLEES**

Joseph A. Dubyak
Joseph A. Dubyak Co., L.P.A.
50 Public Square, Suite 920
Cleveland, Ohio      44113-2206

MARY J. BOYLE, P.J.:

{¶1}  Plaintiffs-appellants, Gursharan Singh Gill, Kulbir Singh Gill, Surinder Singh Chauhan, and Amrik Singh Dillon, appeal from the trial court's judgment upholding the 2007 Amendments to the Constitution of the Guru Gobind Singh Sikh Society of Cleveland ("GGSSS").   For the reasons that follow, we affirm.

## I.      Procedural History

{¶2}  This case arises out of a GGSSS election that occurred in December 2015. As a result of the election, appellants filed a complaint for declaratory judgment and temporary restraining order against defendants-appellees, GGSSS, Virender Singh, Amarijit Kan, and Kunwar Singh to invalidate the 2015 election because it allegedly violated the GGSSS Constitution[1] and to determine that the only governing document of the GGSSS is the 1992 Constitution and not the 2007 Amendments.

{¶3}  At a bench trial, the following evidence was presented about the history of the GGSSS and its Constitution, the formation of the 2007 Amendments, and the prior litigation between the parties.

### A.      Formation of the GGSSS and the 1992 Constitution

{¶4}  GGSSS is an Ohio nonprofit organization dedicated to promoting the practice and beliefs of the Sikh religion.   Appellants are original founding members of the GGSSS who adopted the 1992 Constitution as its governing document.   The 1992

---

[1]The trial court's judgment invalidating the 2015 election is not at issue on appeal.

Constitution, at Article III, Section 2, provided in part that:

2. Founding Members

The Founding Members are those Families who have actively participated to organize the new society from inception (the very beginning), have donated their valuable time, have donated funds generously and are fully responsible [sic] run this organization smoothly. The Founding Members, their children and future spouse's membership is life long and non-cancelable. The names of these members are printed on the last page of this document. No amendments, additions or deletions can be made to change this membership. The code of ethics also applies to this membership.

{¶5} Article III, Section 2 also outlined the responsibilities of the founding members and the dues to be paid by them. In addition, Article XI, entitled Amendments, stated:

Section 1    These bylaws can be amended by a 3/4th majority of the voting members of the General Body present and voting at the General Body Meeting after written notice two weeks embodying such amendments has been given to members. Amendments shall be proposed to the President of Executive Committee.

Section 2    All amendments received shall first be reviewed by the Executive Committee and then brought before the General Body for final approval except Article III, Section 2, Founding Members, which can not be amended.

**B.    The 2007 Amendments**

{¶6} In *Guru Gobind Singh Sikh Soc. of Cleveland v. Janda*, Cuyahoga C.P. No. CV-04-546885, the GGSSS filed a complaint seeking to validate Amendments to the Constitution purportedly adopted in 2000. Two of the appellants in this case, namely, Gursharan Singh and Kulbir Singh Gill, filed a counterclaim and disputed the validity of

the 2000 Amendments. The trial court found the 2000 Amendments invalid. On appeal, we affirmed the decision of the trial court with respect to the determination that the 2000 Amended Constitution was invalid. *See Guru Gobind Singh Sikh Soc. of Cleveland v. Janda*, 8th Dist. Cuyahoga No. 87101, 2006-Ohio-4118. We, however, vacated the trial court's decision to the extent that it construed the terms "founding members" and "general body" as used in the 1992 Constitution and remanded the case for further proceedings. *Id.*

{¶7} On remand, the trial court ordered a supervised election to be held in December 2007. In preparation for the election, the GGSSS's executive committee "unanimously" ordered the following: "The Amendments to the 1992 Constitution, which will make all general members status equal to founding members, will be mailed on or before 23rd of November to all general and founding members and shall be voted upon by the membership on Dec. 2d, 2007." The Executive Committee attached a "rough draft" of the 2007 Amendments to its order and explained the proposed Amendments to Article III as follows:

> Section 3 General Members of (2007) (add new clause for 2007 only). After a very careful review of the 1992 Constitution and detailed discussion with the majority 1992 Founding Members and [k]eeping in mind the contributions, sincere dedication of substantial number of new members since 1992 to maintain the Gurudwara Sahib that all 2007 General Members who will be unconditionally approved by the Executive Committee and General Body and has not violated the 1992 Constitution; Code of Ethics will be given the same status as that of the Founding Members to enjoy all rights and benefits of the Founding Membership. This is valid for 2007 General Members only and ends December 31, 2007, however, this clause may be revisited any time in future if the need arises but it shall be approved by the majority Founding Member and with similar status of

Founding Members. Any member who does not wish to be included in this change may withdraw his/her name in writing to the Secretary prior to December 31, 2007.

The trial court "accept[ed]" the GGSSS's executive committee order for the December 2007 election as the "voting order."

{¶8} After the December 2007 election, the GGSSS presented the December 2007 vote results to the trial court. The trial court issued an order that, "[u]pon representation of both counsel to the Society, and pursuant to the prior Order of this Court dated November 19, 2007, the election for the 2008 Executive Committee was held on December 9, 2007. * * * Further, the Amendment to the 1992 Constitution, which gave equal rights and status to all members, was enacted." *Janda*, Cuyahoga C.P. No. CV-04-546885. The 2007 Amendment pertaining to the "equal rights and status to all members" provided as follows:

Membership Article III:
Section 3...Add new

All 2007 General Annual Members who have registered on proper time, paid dues and are unconditionally approved by the present Executive Committee Board will be given same status as that of Founding Members of 1992. They shall have same rights and privileges of Founding Members and are life members. 1992 Founding Members or the newly approved Members of same status shall not pay any dues and are not required to fill any application form in future. Founding members and members with same status shall be used synonymously (means same, similar) in the Constitution.

{¶9} Subsequently, the GGSSS filed a "Certificate of Amendment by Shareholders or Members" with the Ohio Secretary of State. The secretary of the GGSSS signed the document that certified, by checking certain boxes, that an

"amendment" had been made; due to a "meeting of the members" "held on December 2, 2007"; where a "quorum was present" "in person or by proxy"; and "an affirmative vote was cast which entitled them to exercise 75% as the voting power of the corporation."

### C.    2008 Litigation

{¶10} In 2008, two of the appellants, Surinder Singh Chauhan and Amrik Singh Dhillon, filed a complaint for a declaratory judgment against the GGSSS "when the [GGSSS] and its Executive Committee attempted to amend its constitution in existence at the time (the original 1992 constitution and 2007 amendments)." *Chauhan v. Guru Gobind Singh Sikh Soc. of Cleveland*, Cuyahoga C.P. No. CV-08-674510; *see also Singh v. Guru Gobind Singh Sikh*, 8th Dist. Cuyahoga No. 101299, 2014-Ohio-4844, ¶ 16, fn. 2. The members in 2008 claimed that the proposed amended constitution was invalid due to the GGSSS's and the executive committee's noncompliance with the constitutional requirements for Amendments.

{¶11} "The court agreed with the members and specifically found that the [GGSSS's] attempt to delete its founding members from the constitution absent unanimous approval was invalid because the amendment process did not comport with the constitutional mandates of the original constitution and its 2007 amendments." *Id.* The trial court ruled that "[f]or these reasons, the Court declares the June 15, 2008 Constitution as void, and the 2007 Constitution is binding upon all members." *Chauhan.*

### D.    2011 Litigation

**{¶12}** In 2011, all of the appellants filed a complaint for declaratory judgment arguing that additional Amendments to the GGSSS's Constitution, as purportedly ratified in December 2011, were invalid because of constitutional defects regarding notice of the proposed Amendments and changes to the founding members' provision. *Singh v. Guru Gobind Singh Sikh Soc. of Cleveland*, Cuyahoga C.P. No. CV-11-772212. According to their complaint, appellants sought to invalidate the 2011 amended constitution because it violated "Article IX and XI (as amended) of the Society's Constitution which existed on December 11, 2011, a copy of which is attached and incorporated as Exhibit C[.]" Exhibit C attached to appellants' complaint was the 1992 Constitution with the 2007 Amendments. The trial court found the 2011 Amendments valid and appellants appealed. *Id.* (Mar. 28, 2014).

**{¶13}** On appeal, appellants claimed that the notice given for the proposed 2011 Amendments "failed to provide a copy of the original constitution along with its 2007 amendments or identify how the proposed Amendments would change the existing constitution"; that the voting process improperly began four hours prior to the general body meeting; and that the voting process did not allow for discussion of the proposed Amendment. *Singh v. Guru Gobind Singh Sikh*, 8th Dist. Cuyahoga No. 101299, 2014-Ohio-4844, at ¶ 14.

**{¶14}** We reversed the trial court's decision and found that the GGSSS failed to adopt the 2011 constitutional Amendments in accordance with the procedures outlined in the Constitution. In doing so, we stated that "on December 2, 2007, certain proposed

Amendments to the original Constitution were ratified and approved by the membership," and we relied on the 2007 Amendments in rendering our decision. *Id.* at ¶ 13. We specifically relied on Article XI, Section 1 of the 2007 Amendments and found that the Constitution did not "mandate that the existing Constitution be included in the notice of proposed amendments or that the Society separately identify the proposed amendments." *Id.* at ¶ 14. We also relied on Article XI, Section 1 of the 2007 Amendments in determining that "in allowing the voting [for the 2011 amendments] to occur prior to the start of the [general body] meeting, as well as after the meeting had ended, the Society violated this constitutional mandate." *Id.* at ¶ 15. Further, because Article XI, Section 1 of the 2007 Amendments provided that an amendment may only occur with a two-third majority of the "voting members of the General Body present and voting at the General Body meeting," and the 2011 voting began four hours before the general body meeting, the GGSSS violated the Constitution as amended in 2007. *Id.*

{¶15} Finally, we reviewed the proposed 2011 Amendments and found "several major changes to the original constitution and its 2007 amendments." *Id.* at ¶ 20. And we stated that "the 1992 original constitution, along with its 2007 amendments, provide[d] that the founding members' membership is 'life long' and cannot be cancelled." *Id.* at ¶ 21. Because the 2011 Amendments attempted to "amend or delete the founding members' membership," they "did not comport with the mandate of its constitution in effect at that time." *Id.*

{¶16} On remand, the trial court issued an order regarding "the holding of

elections for the 2015 Executive Committee" of the GGSSS: "All membership rights, meetings, elections, voting procedures, and all other operational activities and actions of the Executive Committee shall strictly follow the provisions of the 1992 Constitution as amended in 2007." *Singh v. Guru Gobind Singh Soc. of Cleveland,* Cuyahoga C.P. No. CV-11-772212 (Dec. 23, 2014). In a subsequent order, the trial court ruled, "[p]ursuant to the court order of 12/23/14, the election of the 2015 executive committee of Guru Gobind Sikh Society of Cleveland is to be held pursuant to the 1992 Constitution as amended in 2007, upheld as the governing document for the Guru Gobind Singh Sikh Society of Cleveland." *Singh v. Guru Gobind Singh Soc. of Cleveland,* Cuyahoga C.P. No. CV-11-772212 (Jan. 16, 2015).

> **E.** **The 2015 election and appellants' request to invalidate the 2007 Amendments**

**{¶17}** Appellees held an election in December 2015 to vote on certain matters for the GGSSS. After the election, appellants filed their complaint in this case for a declaratory judgment and temporary restraining order against appellees. Appellants asked the trial court to declare, among other things, that: (1) the December 2015 election was invalid and in violation of the original 1992 Constitution, (2) all future meetings and elections must be conducted pursuant to the 1992 Constitution, and (3) only members of the GGSSS who have founding member status were the original founding members and not the 2007 members. Appellants, for the first time, asked the trial court to declare the 2007 Amendments invalid and to declare that the 1992 Constitution was the only governing document of the GGSSS.

{¶18} In support of their respective positions about the 2007 Amendments, the parties presented the following additional evidence about the GGSSS's approval process for the 2007 Amendments.

{¶19} Kuldeep Singh, one of the original founding members of the GGSSS, testified that he was the secretary of the executive committee in 2007. He stated that the 2007 Amendments were proposed "to keep the peace within the society." Mr. Singh testified that the 2007 Amendments were not voted upon, discussed, or presented to the general body in 2007. Rather, he explained that on the day of the election, the president of the GGSSS "came and grabbed the [microphone] from him and said 'we're going to pass this membership.'" Mr. Singh said that he said "you can't do it" and then wrote a letter objecting to the vote.

{¶20} Gursharan Singh Gill, another founding member, testified that the 2007 Amendments were not discussed, voted on, or ratified by the general body or the founding members of the GGSSS. He claimed that the December 2007 election "was adjourned" before any vote could be taken.

{¶21} Kamaljit Janda, another founding member, testified that, during the 2007 election, he was a proponent of the 2007 Amendments. He stated that everyone voted "that day on whether or not they wanted the amendment." But later in his testimony, he claimed no vote for the 2007 Amendments actually occurred. He also testified that he now does not accept the 2007 Amendments.

{¶22} Kulbir Gill testified that the GGSSS did not vote on the 2007 Amendments

at the 2007 election.

{¶23} On behalf of appellees, Virender Singh testified that the majority of the GGSSS voted to adopt the 2007 Amendments to the Constitution during the 2007 election. He claimed that the vote occurred in the general body meeting and by "all congregation present." Singh testified that the 2007 Amendments passed by a 75 percent "raise of hands" of the congregation present, and that the secretary of the GGSSS said, "motion passed" "everyone had an equal right to be a lifetime member."

{¶24} Kunwar Singh testified that the vote for the 2007 Amendments took place in the congregation; the Amendments were announced, and they were approved.

{¶25} After reviewing all of the evidence, the trial court ruled, in pertinent part, that:

> The 2007 Amendments to the 1992 Constitution are valid. This Court and the Eighth District Court of Appeals have both recognized that the 2007 Amendments are controlling law.
>
> All elections and voting procedures shall strictly follow the provisions of the 1992 Constitution as amended in 2007. The December 13, 2015 election violated the Constitution and its 2007 Amendments and the previous Orders of this Court for the following reasons[.]

{¶26} Appellants appeal only from the judgment rendering the 2007 Amendments to the GGSSS Constitution valid. They assert a single assignment of error:

> The trial court erred as a matter of law by finding that the 2007 amendment to the original 1992 Constitution giving original founding member "status" to all 2007 general body members was constitutionally adopted and valid and that the 1992 Constitution as amended in 2007 is the governing document of the Society.

## II.    Law and Analysis

### A.    Standard of Review

{¶27} Although appellants' brief contains a heading titled, "standard of review," they fail to set forth a specific standard.  Rather, they suggest that a court has the authority to invalidate the adoption of an amendment because a religious organization "does not have the unbridled right to disregard and violate the provisions of (its) own written by-laws or constitutions."

{¶28} Appellees argue that because the trial court issued findings of fact and conclusions of law, the court's findings of fact are reviewed for abuse of discretion.  And the conclusions of law are reviewed under a de novo standard of review.

{¶29} In reviewing a declaratory judgment case, legal questions are subject to de novo review whereby no deference is given to the trial court's decision.  *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 1, 13.   Where the final decision involves factual issues, however, a manifest weight of the evidence standard applies.    *Paulus v. Beck Energy Corp.*, 7th Dist. Monroe No. 16MO0008, 2017-Ohio-5716, ¶ 16.    The manifest weight standard is the same in a civil case as in a criminal case.   *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17.   Thus, "[t]he [reviewing] court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial

ordered." *Id.* at ¶ 20. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3.

**{¶30}** We disagree with both parties and will apply a manifest weight of the evidence standard in reviewing the trial court's judgment.

### B.     Res Judicata and the Law of the Case Doctrine

**{¶31}** Appellants argue that the 2007 Amendments are invalid because "they were not properly brought before the general body and discussed at a general body meeting"; that the GGSSS improperly voted on them "by a show of hands at a special meeting held on December 2, 2007"and not by a "secret ballot with unanimous consent of the original founding members"; and that they seek to "give all 2007 nonfounding members the same status as that of the founding members" even though Article III of the 1992 Constitution states that "no amendments, additions or deletions can be made to change" the founding members' membership.   Therefore, appellants argue that the 2007 Amendments are "constitutionally prohibited by the 1992 Constitution."

**{¶32}** Appellees respond that "since the 2007 amendments were adopted, the Common Pleas Court in three separate cases, and this court in an appeal from one of the cases, rendered final and binding judgments on the basis of the 1992 Constitution as amended in 2007, stating that it was the governing document."   According to appellees, appellants' arguments regarding the invalidity of the 2007 Amendments are barred by the doctrine of res judicata.   Appellees also argue that the 2007 Amendments did not amend

Article III, Section 2 of the 1992 Constitution; that it did not "add, delete, or amend the original founding membership"; and, thus, the 2007 Amendments were "validly adopted."

{¶33} "The doctrine of res judicata bars claims that were or could have been raised on direct appeal." *M&T Bank v. Steel*, 8th Dist. Cuyahoga No. 101924, 2015-Ohio-1036, ¶ 13. Res judicata involves both claim preclusion and issue preclusion. "Claim preclusion holds that a valid, final judgment on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. Under claim preclusion, a previous judgment is conclusive as to all claims that were or could have been litigated in the first action. *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, 905 N.E.2d 1210, ¶ 27. Thus, a plaintiff must present every ground for relief in the first action or be forever barred from asserting it. *Brown v. Dayton,* 89 Ohio St.3d 245, 248, 730 N.E.2d 958 (2000).

{¶34} "Issue preclusion * * * provides that 'a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Dehlendorf v. Ritchey*, 10th Dist. Franklin No. 12AP-87, 2012-Ohio-5193, ¶ 13.

**{¶35}** Further, the law of the case doctrine precludes a litigant from raising arguments "which were fully pursued, or available to be pursued, in a first appeal." *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404-405, 659 N.E.2d 781 (1996). Pursuant to the doctrine of the law of the case, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Clinton v. MetroHealth Sys.*, 8th Dist. Cuyahoga No. 104957, 2017-Ohio-4073, ¶ 9, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). The doctrine has been deemed necessary "to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id.*

**{¶36}** Here, we are constrained to follow our prior decision in *Singh v. Guru Gobind Singh Sikh*, 8th Dist. Cuyahoga No. 101299, 2014-Ohio-4844. In that case, all of the appellants challenged the constitutionality of the 2011 Amendments and, in doing so, they argued that the Amendments violated procedures contained in the 1992 Constitution and the 2007 Amendments.

**{¶37}** We agreed with appellants and stated that "on December 2, 2007, certain proposed amendments to the original Constitution were ratified and approved by the membership." *Id.* at ¶ 13. And we heavily relied on the 2007 Amendments in rendering our decision that the 2011 Amendments violated the provisions of the Constitution of the GGSSS, which included the 2007 Amendments. *Id.* at ¶ 13-15,

20-21. Appellants never moved to vacate our decision, never moved for reconsideration, and never appealed our decision to the Ohio Supreme Court on the grounds that we relied upon the 2007 Amendments in rendering our decision.

{¶38} Instead, on remand, the trial court issued an order in January 2015 that upheld the 1992 Constitution as amended in 2007 "as the governing document of the [GGSSS]." *Singh v. Guru Gobind Singh Sikh Soc. of Cleveland*, Cuyahoga C.P. No. CV-11-772212 (Jan. 16, 2015). Again, none of the appellants moved to vacate this judgment, appeal from it, or otherwise object to it.

{¶39} And even before our decision, another Cuyahoga County trial court, in *Guru Gobind Singh Sikh Soc. of Cleveland v. Janda*, Cuyahoga C.P. No. CV-04-546885 (Dec. 17, 2007), issued a judgment after the 2007 election that held that "the Amendment to the 1992 Constitution, which gave equal rights and status to all members, was enacted." Again, none of the parties, including two of the appellants in this case, objected to or appealed from the judgment.

{¶40} In addition, another Cuyahoga County trial court ruled in *Chauhan,* Cuyahoga C.P. No. CV-08-674510, that "the Court declares the June 15, 2008 Constitution void and the 2007 Constitution is binding on all members." None of the parties, including two of the appellants in this case, objected to this judgment or appealed from it.

{¶41} Appellants waited approximately eight years, until after the December 2015 election, to raise any issue with the 2007 Amendments. This delay occurred after

several Cuyahoga County trial court judgments rendered the 2007 Amendments binding on the GGSSS and after our decision that found that the 2007 Amendments had been "ratified and approved." As stated by the Supreme Court of Ohio, a "judgment of a reviewing court is controlling upon the lower court as to all matters within the compass of the judgment." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978).

**{¶42}** Based upon res judicata, appellants are precluded from raising arguments they could have raised or appealed in the cases previously litigated about the GGSSS and its Constitution. Further, our decision reached in *Singh v. Guru Gobind Singh Sikh*, 8th Dist. Cuyahoga No. 101299, 2014-Ohio-4844, remains the law of the case with regard to the ratification and approval by membership of the 2007 Amendments. Therefore, we hold that the trial court's judgment is not against the manifest weight of the evidence.

**{¶43}** Appellants' assignment of error is overruled.

**{¶44}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
LARRY A. JONES, SR., J., CONCUR